UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBCO SOFTWARE, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>TIBCO INDUSTRIAL, INC.,<br><br>Defendant.<br>_____/ | No. C 05-2084 WDB<br><br>*AMENDED* ORDER RESCHEDULING HEARING RE MOTION FOR DEFAULT JUDGMENT AND PERMITTING SUPPLEMENTAL SUBMISSIONS FROM PLAINTIFF |

The Court has reviewed plaintiff's Motion for Default Judgment, filed September 7, 2005 ("Motion").

It is not clear to us, based on plaintiff's submissions thus far made, that the facts as set forth in plaintiff's papers would support a finding of liability on any of plaintiff's theories. The Court primarily is concerned about the apparently considerable difference between the services/products provided by the two companies. In particular, the Court is concerned about the following.

1.  Plaintiff has not addressed the factors to be considered by the Court in determining whether to enter judgment by default. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Among other things, *Eitel* directs the Court to consider "the merits of plaintiff's substantive claim[s]." We identify concerns about the merits of

plaintiff's claims below. We also note that, by failing to respond to the complaint, defendant does not admit facts not well-pleaded in the complaint or mere conclusions of law. *E.g., Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353 (S.D. GA 2004); see also, *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261 (9th Cir. 1992).

2. With respect to plaintiff's claims for trademark infringement and false designation, plaintiff has not set forth facts that address each of the *"Sleekcraft"* factors. The Court is especially concerned with factors pertaining to the relatedness of the two companies' products or services. The Ninth Circuit notes that "[e]ven where there is precise identity of a complainant's and an alleged infringer's mark, there may be no consumer confusion – and thus no trademark infringement – if the alleged infringer is in a different geographic area <u>or in a wholly different industry</u>." *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1054 (9th Cir. 1999) emphasis added. *See also*, *Interstellar Starship Services, Ltd., v. Epix, Inc.,* 304 F.3d 936 (9th Cir. 2002) (*Sleekcraft* factors as applied to domain name use – "as a matter of law," not all uses of www.epix.com generate initial interest confusion with the EPIX mark).

3. With respect to plaintiff's claim for trademark dilution, among other things, plaintiff has not set forth facts that could support a finding that plaintiff's mark is sufficiently "famous" to support a claim for dilution from a product <u>outside</u> plaintiff's niche market. *Thane Int'l., Inc., v. Trek Bicycle Corporation,* 305 F.3d 894 (9th Cir. 2002). Additionally, as we read plaintiff's complaint, plaintiff alleges that defendant's use of "Tibco" "threatens" to dilute and "creates a likelihood of dilution," but the Supreme Court has held that 15 U.S.C. §1125(c)(1) "unambiguously requires a showing of <u>actual</u> dilution, rather than a likelihood of dilution." *Moseley v. V Secret Catalogue, Inc.,* 537 U.S. 418, 433 (2003) emphasis added. Moreover, it is not clear from plaintiff's complaint <u>how</u> defendant's use of the mark allegedly dilutes the mark – e.g., tarnishing, blurring, other.

4.      Finally, if plaintiff's complaint is sufficient to establish liability, we have concerns about the scope of plaintiff's requested injunction.

First, the scope of the injunction sought, as described in plaintiff's Motion, is broader than that set forth in plaintiff's complaint.  Has defendant received proper notice about the scope of the risk it faced by ignoring the complaint?

Second, plaintiff seeks an injunction requiring defendant to destroy all materials bearing the Tibco mark.  Case law indicates that such a remedy is generally unnecessary.  What factors necessitate use of this remedy in this case (assuming the Court can order remedies not sought in the complaint)?

Third, plaintiff asks the Court to order "the registrar" to transfer defendant's domain name to plaintiff.  Assuming plaintiff can establish that use of the domain name infringes (see, *Epix, Inc.,* 304 F.3d 936), what is the source of authority for plaintiff's position that this Court has jurisdiction over "the registrar?"  Moreover, Congress provided for the transfer of a domain name to a mark owner in 15 U.S.C. §1125(d) with respect to claims for "cyberpiracy."  Plaintiff has not asserted a claim under §1125(d).  What authority supports an award of the relief requested in connection with trademark infringement, false designation, or dilution claims?

5.      Plaintiff's complaint includes a claim for "unfair competition."  Plaintiff's Motion does not separately address the elements of this claim.  We assume that, under the circumstances of this case, plaintiff has concluded that its claim for unfair competition is co-extensive with and redundant of its remaining claims.

For the above reasons, the Court is inclined to recommend that the District Judge to whom this matter will be reassigned deny plaintiff's motion for default judgment.  However, plaintiff may, if it chooses, submit additional evidentiary and legal submissions that address the concerns identified above.

**By Monday, November 7, 2005**, plaintiff must file with the Court and serve on defendant supplemental evidentiary and legal submissions, if any, that address the above matters.

**By Monday, November 21, 2005,** defendant must file and serve its response, if any, to plaintiff's submissions.

The Court VACATES the hearing currently scheduled for October 26, 2005, at 2:30 p.m..

If plaintiff files supplemental submissions on November 7th, the Court will conduct a hearing in connection with plaintiff's Motion for Default Judgment **on December 7, 2005, at 2:15 p.m.**

If plaintiff does *not* file supplemental submissions on November 7th, the Court will not conduct a hearing, and plaintiff's Motion for Default Judgment will be DEEMED SUBMITTED. The Court will issue its report and recommendation based on the papers without oral argument.

**Plaintiff must immediately serve defendant with a copy of this order.**
IT IS SO ORDERED.

Dated:  October 24, 2005          /s/ Wayne D. Brazil
                                  WAYNE D. BRAZIL
                                  United States Magistrate Judge

Copies e-mailed to:
parties of record,
WDB, stats

4